

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| *970 Broad Street, 7th floor* | *973-645-2700* |
| *Newark, New Jersey 07102* | |

FILED UNDER SEAL

October 31, 2024

**Via E-mail**

The Honorable Evelyn Padin    24-cr-744 EP
United States District Court Judge
District of New Jersey
50 Walnut Street
Newark, NJ 07101

    Re: United States v. BIT MINING, LTD., formerly known as 500.COM LTD.
        <u>Criminal Docket No. TBD</u>

Dear Judge Padin:

    The government writes with respect to the Information filed under seal on or about October 29, 2024 in the above-captioned case, which charges corporate defendant BIT Mining, Ltd., f/k/a 500.com ("BIT Mining") with two counts: 1) conspiracy to violate the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1 ("FCPA"), in violation of 18 U.S.C. § 371; and 2) violation of the books and records provision of the FCPA, 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5), and 78ff(a). Following extensive negotiations between the government and BIT Mining, the parties have reached an agreed criminal resolution resulting from the government's investigation into the company's multi-year scheme to pay nearly $2 million to Japanese government officials in order to obtain improper advantages in entering the integrated resort market in Japan as well as falsification of its books and records regarding these corrupt payments.

    Pursuant to the Deferred Prosecution Agreement ("DPA"), which will be filed with the Court and an executed copy of which is attached to this letter (Exhibit A), BIT Mining has agreed with the government to be charged by Information. The parties respectfully request that the Court schedule a hearing on the DPA and arraignment[1] as soon as practical.

---

[1] The government anticipates that the corporate representative for BIT Mining who will represent the defendant at arraignment will be traveling to the District of New Jersey from China.

## BIT Mining Waiver of Indictment and DPA

The defendant has knowingly waived indictment, and an executed waiver of indictment will be provided to the Court in advance of the DPA hearing. Pursuant to the fully executed DPA, BIT Mining also (a) knowingly waives its right to a speedy trial pursuant to the Sixth Amendment, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b); and (b) knowingly admits and acknowledges the allegations and facts in the Information. Under the DPA, the government agrees to defer prosecution of the company pursuant to these and other terms and agrees to dismiss the Information as to the defendant after a period of time not to exceed 3.5 years, if all terms of the DPA are satisfied.

In anticipation of the DPA hearing, the government respectfully submits the following overview for the Court:

- **Defendant**: BIT Mining, Ltd.
- **Waiver of Indictment by BIT Mining, Ltd.**
- **Not Guilty Plea by BIT Mining, Ltd.**
- **Form**: Deferred Prosecution Agreement
    - Three-year term
    - Parties request **waiver of speedy trial** for Term of DPA, a total of 42 months; the three-year term of the DPA plus an additional six months for the government to dismiss the information if the defendant complies with the terms of the DPA (DPA Paragraphs 3 and 22)
    - Attachments to the DPA
        - Attachment A: Statement of Facts
        - Attachment B: Certificate of Corporate Resolutions for BIT Mining, Ltd.
        - Attachment C: Corporate Compliance Program
        - Attachment D: Compliance Reporting Requirements
        - Attachment E: Reporting Certification Form
        - Attachment F: Compliance Certification Form

- **Charges in the Information:**

    - **Count 1**: 18 U.S.C. § 371 (conspiracy to violate the anti-bribery and books and records provisions of the FCPA, 15 U.S.C. §§ 78dd-1; 78m(b)(2)(A), 78m(b)(5), and 78ff(a))
    - **Count 2**: 15 U.S.C. §§ 78m(b)(2)(A) and (b)(5) (violating the books and records provision of the FCPA)

- **Penalty Agreed to in DPA:**

  - Criminal Penalty: $54 million
  - Total Criminal Penalty Reduced Due to Inability to Pay: $10 million

Criminal Penalty Calculation:
- Offense Level (United States Sentencing Guidelines ("U.S.S.G.") § 2C1.1)

  - Base offense level:                             12
  - Multiple bribes:                                +2
  - Value obtained more than $1,500,000             +16
  - High-level official involved                    +4

Total Offense Level:                                34

- Base Fine of $50,000,000, based on U.S.S.G. § 8C2.4(a)(1)
- Culpability Score (U.S.S.G. § 8C2.5)
  - Base score:                                     5
  - 200 or more employees and high-level

Personnel participation                             +3
  - Cooperation, acceptance                         -2

Total Culpability Score:                            6

- Guidelines Fine Range
  - Base Fine: $50,000,000
  - Multiplier: 1.2 – 2.4
  - Fine Range: $60,000,000 - $120,000,000

- Reduction/Offsets to Guidelines Fine Range
  - 10% discount for cooperation and remediation from the bottom of the Guidelines fine range

- Criminal Penalty: $54,000,000
- Total Criminal Penalty Reduced Due to Inability to Pay: $10,000,000[2]

---

[2] The inability to pay analysis was conducted by the government with the assistance of a forensic accounting expert. The analysis was based on a review of BIT Mining's audited financials from 2019 to 2022 and unaudited financials for 2023, estimated financial position and results for 2024, as well as discussions with BIT Mining's legal counsel.

The parties will also be filing a joint motion to exclude time under the Speedy Trial Act for a period of 3.5 years from the date on which the Information was filed. As this motion will set forth, such a delay and speedy trial exclusion will allow the defendant to demonstrate its good conduct, and the parties therefore seek the approval of this Court to delay trial. *See* 18 U.S.C. § 3161(h)(2).

The government respectfully requests that this letter be filed under seal, that the docket for the above-captioned case remain under seal and the name of the defendant not be publicly disclosed (including on a court calendar) until the morning of the DPA hearing.[3] There are several reasons for this request. First, because the defendant has not yet been charged by indictment or information, there are not currently cases pending against the defendant. Second, the criminal resolution with BIT Mining is being coordinated with a similar resolution with the U.S. Securities and Exchange Commission, and that resolution is not yet public. Third, premature disclosure of the fact of a criminal resolution with BIT Mining, without the corresponding context of the details of the resolution (which are set forth in the relevant agreement and information), could have significant adverse collateral consequences for BIT Mining, a publicly traded company.

Please let us know if the Court has any questions.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

GLENN S. LEON
Chief, Fraud Section, Criminal Division

By: *Jennifer Kozar*
Jennifer Kozar
Assistant U.S. Attorney
(973) 645-2918

*Jil Simon/by JSK*
Jil Simon
Ligia Markman
Trial Attorneys
(202) 262-7086

Cc: Tarek Helou, Esq. (counsel for BIT Mining)

---

[3] The government is not seeking courtroom closure for the DPA hearing, nor is it seeking to have the defendant designated as "John Doe."